UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FIDA UL MUSTAFA CHOHAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-2459 (RCL) |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a document captioned Particulars of Claim, which is construed as a complaint under the Freedom of Information Act (FOIA). Defendant State Department has moved for summary judgment under Federal Rule of Civil Procedure 56. For the reasons explained below, Defendant's motion will be GRANTED.

### I. BACKGROUND

The relevant allegations are as follows. Plaintiff is a citizen and resident of Pakistan. In September 2013, Plaintiff "obtained a 5-year U.S. visit visa . . . to attend a carbon reduction seminar in San Francisco."[1] Compl. ¶ 3. He visited the U.S. from October 13, 2013, to November 24, 2013, and then returned to Pakistan. *Id*. ¶¶ 4, 6. During his visit, Plaintiff was admitted to City College of San Francisco. So, in December 2013, Plaintiff applied for a student visa, which the "Visa officer not only refused . . . but also cancelled his visit visa verbally saying that when an applicant appl[ies] for status change his previous visa also [is] cancelled." *Id*. ¶ 8.

---

[1] In the complaint, Plaintiff refers to attachments that are not a part of the record.

Plaintiff's visa was "Cancelled Without Prejudice." *Id*. ¶ 9. His three subsequent applications for a student visa have been denied. *See id*. ¶ 10.

In a FOIA request dated September 9, 2021, Plaintiff requested the written record of his "Status Change Application of Jan 2014 ONLY when my visit was Cancelled and student visa was refused." Def.'s Ex. A, ECF 14-1 at 26 (capitalization in original). A search of State Department files located eleven responsive records. *See* Decl. of Susan C. Weetman ¶¶ 10-14, ECF No. 14-3. On September 23, 2021, Defendant (1) released two redacted records consisting of Plaintiff's 2014 Non-Immigrant Visa Application (Form DS-160) and his Academic Sponsor's Certificate of Eligibility for Non-Immigrant Student Status (Form I-20) and (2) withheld nine records entirely. *Id*. ¶ 6; *see Vaughn* Index, ECF No 14-4 at 6, 7 (partial releases); *id*. at 1-5, 8-12 (full denials). Defendant withheld information under FOIA Exemption 3, codified at 5 U.S.C. § 552(b)(3). Weetman Decl. ¶¶ 6, 18.

The Department's decision was affirmed at the administrative level, and Plaintiff timely filed this civil action*, see id*. ¶¶ 8-9, where, in addition to Exemption 3, Defendant has invoked FOIA Exemptions 5, 6, 7(C) and 7(E) to justify its withholdings. *See id*. ¶¶ 15-36 and *Vaughn* Index.

## II.  LEGAL STANDARDS

FOIA allows the public to request release of records from government agencies. 5 U.S.C. § 552. The statute contains a "strong presumption in favor of disclosure." *Am. C.L. Union v. Dep't of Just.*, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 32 (D.C. Cir. 2002)). But the included exemptions "are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) (alternations omitted) (quoting *Encino Motorcars, LLC v.*

*Navarro*, 138 S. Ct. 1134, 1142 (2018)). Thus, courts must take careful note of FOIA's exemptions and refrain from expanding or restricting them beyond their plain terms. *See id.* At the same time, the burden is on the government to prove "that it has not improperly withheld" information requested under FOIA. *Ctr. for Investigative Reporting v. U.S. Customs & Border Prot.*, 436 F. Supp. 3d 90, 99 (D.D.C. 2019) (internal quotation marks omitted) (quoting *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 922 F.3d 480, 487 (D.C. Cir. 2019)).

Courts routinely settle FOIA disputes at the summary judgment stage. *See Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he requirement is that there be no *genuine* issue *of material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphases in the original). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law," *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006), and genuine "if the nonmovant presents evidence such that a reasonable [factfinder] could return a verdict for the nonmoving party." *Doe v. Exxon Mobil Corp.*, No. 1:01-cv-1357 (RCL), 2022 WL 3043219, at *7 (D.D.C. Aug. 2, 2022) (internal quotation marks omitted) (quoting *Anderson*, 477 U.S. at 248). The Court must "view the evidence in the light most favorable to" the nonmoving party. *Holcomb*, 433 F.3d at 895.

In a FOIA case, summary judgment may be granted in favor of an agency based on government declarations supporting invocation of a FOIA exemption, provided that the declarations (1) "describe the documents and the justifications for nondisclosure with reasonably specific detail," (2) "demonstrate that the information withheld logically falls within the claimed exemption," and (3) "are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith." *Mil. Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The standard does not demand more than "an agency[ ] justification for invoking a FOIA exemption . . . [that] appears logical or plausible." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal quotation marks omitted) (quoting *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007)); *see also Ancient Coin Collectors Guild v. Dep't of State*, 641 F.3d 504, 509 (D.C. Cir. 2011) ("Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail."). If the same information is shown to be immune from disclosure under multiple exemptions, the Court need not consider each exemption separately. *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Under the FOIA Improvement Act of 2016, applicable to requests made after its enactment, an agency must show that it "reasonably foresees that disclosure would harm an interest protected by an exemption," unless "disclosure is prohibited by law, or otherwise exempted from disclosure under subsection (b)(3)." 5 U.S.C. § 552(a)(8)(A), (B).

### III. DISCUSSION

FOIA Exemption 3 allows an agency to withhold records that are specifically exempted from disclosure by statute under conditions dictated by the FOIA. An Exemption 3 statute must either (i) require that the relevant "matters be withheld from the public in such a manner as to leave no discretion on the issue;" or (ii) establish "particular criteria for withholding or refer[ ] to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A). "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within that statute's coverage." *Goland v. CIA*, 607 F.2d 339, 350 (D.C. Cir. 1978).

4

Section 222(f) of the Immigration and Nationality Act (INA) makes confidential "[t]he records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States."  8 U.S.C. § 1202(f).  Although the Act authorizes certain discretionary disclosures to "a court" or "a foreign government," *id.*, section 1202(f) qualifies as a "withholding statute" under Exemption 3 because "the Secretary of State has no authority to disclose material to the public," *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 741 (D.C. Cir. 1983), as the FOIA commands.  *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172, (2004) ("As a general rule, if the information is subject to disclosure [under FOIA], it belongs to all."); *Stonehill v. I.R.S.*, 558 F.3d 534, 538–39 (D.C. Cir. 2009) ("[W]hen a document must be disclosed under FOIA, it must be disclosed to the general public[.]").

Defendant properly withheld responsive documents under Exemption 3 that pertain "to the issuance or refusal of visas."  Weetman Decl. ¶ 18; *see Vaughn* Index (Doc. Nos. V1-V4, V7-V11).  In addition, Defendant properly redacted the same type of information from the released forms.  *See Vaughn* Index (Doc. Nos. V5, V6).

Plaintiff counters only that the documents described in the *Vaughn* Index "must be released because" they relate to his "visa applications to US and travel History to US," the latter of which "Defendant already has tarnished . . . by providing false information to other countries[.]"  Resp. to Def. Vaughn Index, ECF No. 18 ¶ 4.  But "a requester's personal need for information is immaterial to whether that information is protected from disclosure by one of the exemptions to the FOIA."  *Engelking v. Drug Enf't Admin.*, 119 F.3d 980, 980-81 (D.C. Cir. 1997).  In other words, Plaintiff's argument is inapposite because "it does not matter why [he]

seeks the information, what [he] plans to do with it, or what harm [he] might suffer from not getting the information." *Williams & Connolly v. S.E.C.*, 662 F.3d 1240, 1245 (D.C. Cir. 2011).

Plaintiff has neither disputed a specific exemption asserted by Defendant nor advanced a countervailing argument to preclude summary judgment on Exemption 3. Therefore, the Court has no occasion to address the other asserted exemptions.[2] *See Shapiro v. United States Dep't of Justice*, 239 F. Supp. 3d 100, 106 n.1 (D.D.C. 2017) ("Where the FOIA requester responds to the government's motion for summary judgment without taking issue with the government's decision . . . to redact documents, the Court can reasonably infer that the FOIA requester does not seek" the redacted information and dismiss this aspect of the case for want of a "case or controversy sufficient to sustain the Court's jurisdiction."); *cf. with Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 34 (D.C. Cir. 2016) ("Article III's limitation of federal-court jurisdiction to cases and controversies requires that "an actual controversy be extant at all stages of review, not merely at the time the complaint is filed.") (cleaned up)).

### B.  Record Segregability

Whether or not raised, the "district court must make specific findings of segregability regarding the documents to be withheld." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007). The government has an obligation to reasonably segregate and disclose all non-exempt material, unless the material is "inextricably intertwined with exempt portions." *Jud. Watch, Inc. v. U.S. Dep't of State*, 650 F. Supp. 2d 28, 33 (D.D.C. 2009) (quoting *Mead Data Central, Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).

The Court finds that all reasonably segregable responsive records have been disclosed. Defendant attests to having "conducted a careful line-by-line review of the eleven records at

---

[2] *See, e.g., Vaughn* Index at 6, 7 (describing deletions under exemptions 7(C) and 7(E) of third-party identifying information and law enforcement techniques contained in a non-public database).

issue" with an eye toward releasing "any reasonably segregable, non-exempt information," Weetman Decl. ¶ 37, and plausibly explains why "there is no additional segregable information" capable of being released, *id*. ¶ 18.  Plaintiff has not refuted the declaration, which is "presumed to be in [made] good faith." *Sheffield v. Holder*, 951 F. Supp. 2d 98, 101 (D.D.C. 2013) (citing cases).  Furthermore, "[t]he scope of section 222(f) [of the INA] is not limited to information supplied by the visa applicant" but also "includes information revealing the thought-processes of those who rule on the application." *Medina-Hincapie*, 700 F.2d at 744; *see Jud. Watch, Inc.,* 650 F. Supp. 2d at 33 (approving State Department's withholding of "the entire contents of the five visa database documents [as] exempt from disclosure").

## CONCLUSION

For the foregoing reasons, the Court concludes that the government has satisfied its obligations under the FOIA and is entitled to judgment as a matter of law.  Thus, Defendant's motion for summary judgment is granted.  A separate order accompanies this Memorandum Opinion.

_____/s/_____<br>
ROYCE C. LAMBERTH<br>
United States District Judge

Date:   December 5, 2023